UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC MAAS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>ZYMBE, LLC, et al.,<br><br>　　　　　Defendants. | Case No. 19-cv-07945-JSC<br><br>**ORDER RE: PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**<br><br>Re: Dkt. No. 15 |

Eric Maas sued Zymbe, LLC ("Zymbe"), Blue Oar Consulting, Inc. ("Blue Oar"), Vystar Corporation ("Vystar"), Greg Rotman, Jamie Rotman, Steven Rotman, Sarah Hawthorne,[1] Michael X. Ianacone, Keith Osborn, Bryan Stone, and Joseph Allegra, Jr. (collectively, "Defendants") in state court, alleging 27 claims under federal and state law.[2] (Dkt. No. 1-1, Ex. 1 at 4-5.)[3] Defendants removed the action to this Court based on federal question jurisdiction pursuant to 28 U.S.C. §§ 1331, 1446. (Dkt. Nos. 1 at ¶ 9 & 4 at 2.) Now before the Court is Plaintiff's motion for partial summary judgment.[4] (Dkt. No. 15.) After careful consideration of the parties' briefing, the Court DENIES the motion as set forth below.[5]

//

---

[1] Plaintiff erroneously sued Ms. Hawthorne as "Sally Rotman" in state court. (*See* Dkt. No. 5 at 2.)

[2] The state court complaint also names Ranjit K. Matthan as a defendant; however, Plaintiff subsequently dismissed Mr. Matthan as a party prior to Defendants' removal of this action. (*See* Dkt. No. 1 at ¶ 4.)

[3] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

[4] Certain Defendants filed a cross-complaint against Plaintiff and Jason Leaf in the state court action. Plaintiff's motion for summary judgment moves for summary judgment on the first amended cross-complaint.

[5] All parties have consented to the jurisdiction of a magistrate judge pursuant to 28 U.S.C. § 636(c). (*See* Dkt. Nos. 10; 12; 45.)

**BACKGROUND**

## I. Complaint Allegations

The gravamen of the complaint is that Defendants breached a consulting agreement Plaintiff entered into with Zymbe in 2015 and committed multiple state and federal law violations arising out of Plaintiff's consulting work for Zymbe.

## II. Procedural History

Plaintiff filed the operative complaint on June 24, 2019 in the Superior Court of the State of California, County of Alameda. (Dkt. No. 1-1, Ex. 1.) The complaint was the second amended complaint filed in state court; it asserts 27 causes of action against previously-named Defendants Zymbe, Greg Rotman, and Steven Rotman, and adds eight defendants who are still parties to this action: Blue Oar, Vystar, Mr. Allegra, Ms. Hawthorne, Mr. Ianacone, Mr. Osborn, Jamie Rotman, and Mr. Stone. (*See* Dkt. No. 1 at ¶ 3.)

The complaint brings the following claims: (1) "failure to compensate for all hours worked" in violation of the California Labor Code; (2) "failure to pay overtime wages" in violation of the Labor Code; (3) "unfair business practices" in violation of the California Business & Professions Code ("UCL claim"); (4) "willful misclassification of employees" in violation of the Labor Code; (5) "declaratory relief that Plaintiff was not an independent contractor"; (6) "failure to pay final amounts owed on time" in violation of the Labor Code; (7) "failure to maintain accurate records" in violation of the Labor Code; (8) "failure to furnish wage and hours statements" in violation of the Labor Code; (9) promissory estoppel; (10) intentional infliction of emotional distress; (11) negligent infliction of emotional distress; (12) negligence; (13) "fraud and deceit"; (14) breach of contract; (15) breach of the implied covenant of good faith and fair dealing; (16) defamation; (17) intentional interference with economic advantage and prospective economic advantage; (18) injunctive relief; (19) specific performance; (20) quantum meruit; (21) "violation of section 12(a)(2) of the Securities Exchange Act of 1933," 15 U.S.C. § 77l; (22) "violation of Rule 10b-5 of the Securities Exchange Act of 1934," 17 C.F.R. § 240.10b-5; (23) "fraud in connection with the offer and sale of securities" in violation of the California Corporations Code; (24) "secondary liability for misrepresentations in connection with security sales" in violation of

1  the Corporations Code; (25) violation of Corporations Code § 25043; (26) violation of

2  Corporations Code §§ 25402, 25502; and (27) "attorney's fees" pursuant to Corporations Code §

3  25501.5(b). (Dkt. No. 1-1, Ex. 1 at 4-5.)

4  Counts 1, 2, 4-8, and 16 are against Zymbe and Greg Rotman only. Count 17 is against

5  Greg Rotman and Steven Rotman only. Counts 3, 9-15, and 18-27 are against all Defendants.

6  There is no dispute that all Defendants have answered the complaint. (Dkt. No. 34-1 at ¶ 2; *see*

7  *also* Dkt. No. 40 at 6 n.1.)

8  Defendants removed this action on December 4, 2019. (Dkt. Nos. 1 & 4.) Plaintiff filed

9  the instant motion for partial summary judgment on January 23, 2020. (Dkt. No. 15.) The motion

10  is fully briefed. (*See* Dkt. Nos. 34 & 40.) After reviewing the parties' briefing, the Court

11  concluded that oral argument was not necessary and vacated the hearing scheduled for April 2,

12  2020, pursuant to Civil Local Rule 7-1(b). (Dkt. No. 42.)

## PREMILINARY ISSUES

### I. Request for Judicial Notice

The Court grants Plaintiff's unopposed request for judicial notice of an SEC filing for Vystar, a "Business Entity Summary" for Blue Oar taken from the Massachusetts' Secretary of State website, and an April 2018 motion to stay litigation filed in the state court action by Defendants Zymbe, Steven Rotman, and Greg Rotman. (*See* Dkt. No. 17.) The proffered exhibits are proper subjects of judicial notice under Federal Rule of Evidence 201(b). *See Harris v. Cty. of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2012) (noting that judicial notice is appropriate for "undisputed matters of public record, including documents on file in federal or state courts"); *see also Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998-99 (9th Cir. 2010) (taking judicial notice pursuant to Fed. R. Evid. 201 of information "made publicly available by government entities" where "neither party disputes the authenticity of the web sites or the accuracy of the information displayed").

### II. Plaintiff's Filings

On February 14, 2020, over three weeks after filing his motion for summary judgment, Plaintiff filed a document entitled "Clarifications and Amendments to Motion for Partial Summary

Judgment." (Dkt. No. 29.) The filing seeks to replace nearly a page of text in Plaintiff's motion with new language and argument regarding the import of Requests for Admission ("RFA") Plaintiff filed in state court. (*See id.* at 2-3.) Plaintiff did not seek leave to file that document, and there is no provision under the Civil Local Rules that allows for such a supplementary filing. Accordingly, the Court strikes the filing in its entirety.

In connection with that filing, and in response to the Court's order at the February 4, 2020 hearing, (*see* Dkt. No. 23), Plaintiff's counsel purportedly filed a redacted version, (*see* Dkt. No. 28), of his declaration and the exhibits originally submitted in support of his motion for summary judgment, (*see* Dkt. No. 16). However, the declaration asserts that it is an "amended" declaration and it includes two exhibits not previously submitted. (*See id.* at ¶ 1.) The Court did not grant Plaintiff leave to file an "amended" declaration with new exhibits. Accordingly, the Court strikes the declaration to the extent it does more than comply with the Court's order to file a redacted version of the original declaration and exhibits.

## DISCUSSION

On summary judgment, the moving party must demonstrate "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "In ruling on a motion for summary judgment, [t]he evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor." *Tolan v. Cotton*, 572 U.S. 650, 651 (2014) (internal quotation marks and citation omitted) (alteration in original).

Plaintiff moves for summary judgment on nine of his 27 claims as to Defendants Zymbe, Greg Rotman, and Steven Rotman, and on nine of the Defendants' counterclaims. The Court addresses in turn Plaintiffs' motion as it applies to his claims and Defendants' counterclaims.

### I. Summary Judgment on Plaintiff's Claims

"When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial." *C.A.R. Transp. Brokerage Co., Inc. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (internal quotation marks and citation omitted). In that case, the moving party "has the initial burden of establishing the absence of a genuine issue of fact on each issue material

4

to its case." *Id.* If the party produces sufficient evidence on that score, "the burden then moves to the opposing party, who must present significant probative evidence tending to support its claim or defense." *Id.* (internal quotation marks and citation omitted). If the opposing party "fails to produce enough evidence to create a genuine issue of material fact," the moving party wins the motion for summary judgment." *Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Cos., Inc.*, 210 F.3d 1099, 1103 (9th Cir. 2000).

Plaintiff moves for summary judgment on the following causes of action against Defendants Zymbe, Greg Rotman, and Steven Rotman: (1) defamation; (2) promissory estoppel; (3) fraud and deceit; (4) breach of contract; (5) covenant of good faith and fair dealing; (6) UCL claim; (7) quantum meruit; (8) securities fraud under state law; and (9) "secondary liability securities fraud" under state law. (Dkt. No. 15 at 8.)

Defendants oppose Plaintiff's motion on both procedural grounds and substantive grounds. As to the former, Defendants assert that the motion should be denied because it "lacks internal citations to a developed (or any) record and contains identical exhibits attached to different declarations, duplicate exhibit numbers, legal arguments in declarations, and little or no evidentiary authentication." (Dkt. No. 34 at 10.) Thus, Defendants argue that the motion runs afoul of the Civil Local Rules and the Federal Rules of Civil Procedure, and should be denied on those grounds alone. The Court agrees that Plaintiff's motion—even without consideration of the procedurally improper "Clarifications and Amendments," (*see* Dkt. Nos. 28 & 29)—is difficult to navigate (i.e., failing to provide pincites for quotations from multi-page exhibits; citing multi-page exhibits for broad legal conclusions), fails to adequately support its factual assertions, and that Plaintiff's supporting declaration is riddled with impermissible legal conclusions and argument, (*see* Dkt. No. 16-7, Ex. 7).

Civil Local Rule 7-5(b) provides that declarations "may contain only facts" and "must avoid conclusions and argument." Almost the entirety of Plaintiff's 306-paragraph declaration violates that rule. (*See generally* Dkt. No. 16-7, Ex. 7.) Further, every paragraph of the declaration cites to the declaration *itself* or the complaint, and in some instances, the declaration simply quotes the complaint. (*See generally id.*) Plaintiff's motion for summary judgment in turn

cites these quotes as "facts," and the overwhelming majority of the motion relies on Plaintiff's declaration. (*See generally* Dkt. No. 15.) This is improper under both Local Rule 7-5(b) and Federal Rule of Civil Procedure 56(e), which requires a party to "properly support an assertion of fact." The allegations of Plaintiff's unverified complaint do not constitute evidence for purposes of summary judgment; thus, Plaintiff's declaration cannot simply quote the complaint as "fact."[6] *See Moran v. Selig*, 447 F.3d 748, 759 (9th Cir. 2006) (noting that an unverified complaint "cannot be considered as evidence at the summary judgment stage"). Accordingly, the Court strikes Plaintiff's declaration in its entirety pursuant to the Local Rules. *See* Civ. L.R. 7-5(b) ("An affidavit or declaration not in compliance with this rule may be stricken in whole or in part.").

Plaintiff's citation to purported "facts" deemed admitted based on the RFAs filed in state court is similarly problematic. Plaintiff's motion is replete with citations to "Admission[s] via RFA[s]." (*See generally* Dkt. No. 15.) Plaintiff asserts that he "served a series of [RFAs] to [Greg] Rotman and to Zymbe regarding the contract at issue and the damages alleged[,]" but they "never responded. Thus, all items therein are deemed admitted as a matter of law." (*Id.* at 10 (citing Dkt. Nos. 16-3, Ex. 3 & 16-4 Ex. 4 (RFAs served on Defendants Zymbe and Greg Rotman in May 2019)).) Plaintiff is incorrect, however, to the extent he asserts that the failure to respond to the RFAs automatically rendered the information requested therein "admitted as a matter of law" in state court. Under California law, "[i]f a party to whom requests for admission are directed fails to serve a timely response, . . . [t]he requesting party may move for an order that the genuineness of any documents and the truth of any matters specified in the requests be deemed admitted." Cal. Civ. Proc. Code § 2033.280(b); *see also St. Mary v. Superior Court*, 223 Cal. App. 4th 762, 775-76 (2014) (noting that under section 2033.280, "a propounding party must take

---

[6] The motion's reliance on the complaint as the basis for undisputed facts is set forth in Plaintiff's counsel's declaration in support of summary judgment. Plaintiff's counsel asserts that Vystar had not answered the complaint and therefore "Plaintiff's declaration refers in some places to admissions for failure to respond to the Complaint because a defaulting defendant effectively admits all facts plead in the operative Complaint." (*See* Dkt. No. 16 at ¶ 4.) However, Plaintiff's reply brief abandons that argument and recognizes that all Defendants have answered the complaint. (*See* Dkt. No. 40 at 6 n.1 ("Plaintiff does not contend [that] any admissions exist . . . due to the lack of a response to [the] complaint because all defendants have now answered."); *see also* Dkt. No. 34-1 at ¶ 2 (Ms. Rubin's declaration that "[a]ll Defendants have answered in this action").)

1     affirmative steps—by bringing a formal 'deemed admitted' motion—to have RFAs to which

2     timely responses are not received deemed admitted"). Here, the record does not establish as a

3     matter of undisputed fact that Plaintiff obtained a court order pursuant to section 2033.280(b).

4     (*See* Dkt. No. 34-7, Ex. F at 3 (Plaintiff's counsel's January 31, 2020 email acknowledging that

5     the state court did not "rule on any 2033.280 issue regarding requests for admission").) In the

6     absence of a court order, the RFAs were not deemed admitted in state court. It follows that the

7     requests are not deemed admitted for purposes of Plaintiff's motion for summary judgment in this

8     Court. *See Granny Goose*, 415 U.S. at 437 ("Once a case has been removed to federal court, it is

9     settled that federal rather than state law governs the future course of proceedings, notwithstanding

10    state court orders issued prior to removal."). Thus, Plaintiff's citation to the RFAs for "facts" is

11    improper under Federal Rule of Civil Procedure 56(c)(1)(A), (e).

12          Plaintiff's reply briefing asserts that the Court may also rely on the deposition transcripts

13    of Greg Rotman and Jason Leaf in support of his motion. (*See* Dkt. No. 40 at 7.) However, the

14    motion's citation to those transcripts is interspersed with citations to Plaintiff's declaration and the

15    RFAs, and the Court declines to parse the record in an attempt to piece together sufficient

16    evidence to support Plaintiff's motion. *See Independent Towers of Washington v. Washington*,

17    350 F.3d 925, 929 (9th Cir. 2003) (noting that "[j]udges are not like pigs, hunting for truffles

18    buried in briefs") (internal quotation marks and citation omitted).

19          Accordingly, based on the motion's pervasive evidentiary deficiencies, the Court denies

20    Plaintiff's motion for partial summary judgment, pursuant to Rule 56(c),(e). The motion may not

21    be refiled without obtaining the prior permission of the Court.

22    **II.    Summary Judgment on Counterclaims**

23          Regardless of whether the moving party has the burden of proof on an issue at trial, the

24    moving party always bears the initial burden of producing those portions of the pleadings,

25    discovery, and affidavits that show the absence of a genuine issue of material fact. *See Celotex*

26    *Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the moving party will not bear the burden of proof

27    on an issue at trial, it "must either produce evidence negating an essential element of the

28    nonmoving party's claim or defense or show that the nonmoving party does not have enough

7

evidence of an essential element to carry its ultimate burden of persuasion at trial." *Nissan Fire*, 210 F.3d at 1102. A movant "may not require the nonmoving party to produce evidence supporting its claim or defense simply by saying that the nonmoving party has no such evidence." *Id.* at 1105. "If a moving party fails to carry its initial burden of production, the nonmoving party has no obligation to produce anything, even if the nonmoving party would have the ultimate burden of persuasion at trial." *Id.* at 1102-03.

Plaintiff moves for summary judgment on Defendants' "first amended cross-complaint," (*see* Dkt. No. 15 at 26); however, Plaintiff's motion includes as an exhibit and cites to a "Cross-Complaint" filed in state court on May 23, 2019 by Zymbe and Greg Rotman against Plaintiff and "Ryan Leaf." (*See* Dkt. No. 16-1, Ex. 1 at 215-241.) Plaintiff's motion for summary judgment does not include the *first-amended* cross complaint as an exhibit.

Defendants did not include—much less reference—the first amended cross-complaint in their December 2019 removal papers. (*See generally* Dkt. No. 1.) However, Defendants' opposition presents arguments on the merits in opposition to summary judgment on the first amended cross-complaint, (*see* Dkt. No. 34 at 22-24). Further, Defendants submitted a copy of the first amended cross-complaint in a filing dated April 16, 2020. (*See* Dkt. No. 47, Ex. 1.) The Court will therefore consider Plaintiff's motion as to the first amended cross-complaint.

Defendants Zymbe and Greg Rotman filed the first amended cross-complaint in state court on August 22, 2019. (Dkt. No. 47-1, Ex. A.) The cross-complaint names Plaintiff and Jason Leaf as cross-defendants and brings claims against them for: (1) breach of fiduciary duty; (2) accounting; (3) conversion; (4) unjust enrichment-assumpsit; (5) fraud; (6) constructive fraud; (7) interference with contractual relations; (8) misappropriation of trade secret-statutory; (9) slander and libel. (Dkt. No. 47-1, Ex. 1.) There is no dispute that as to Plaintiff, the cross-complaint arises out of the same contractual relationship at issue in the FAC. Plaintiff moves for summary judgment on all cross-claims. Defendants oppose the motion on the grounds that it is premature because Defendants have not conducted sufficient discovery, "including taking Plaintiff's deposition or completing Mr. Leaf's deposition." (Dkt. No. 34 at 22 (citing Federal Rule of Civil Procedure 56(d)).) Defendants also oppose the motion on the merits.

1    Under Rule 56(d), courts may deny a motion for summary judgment "[i]f a nonmovant
2 shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to
3 justify its opposition." Here, Zymbe and Greg Rotman filed the first amended cross-complaint in
4 August 2019 and Defendants removed the underlying action to this Court less than 4 months later.
5 Plaintiff then filed the instant motion for summary judgment on January 23, 2020. Defendants'
6 counsel attests, in pertinent part:

> Sufficient discovery has not been conducted in this case for Defendants to present facts to oppose the Motion. For instance, many of the "facts" asserted by Plaintiff as evidence in the Motion are currently unavailable to Defendants. Thus, additional discovery is needed on questions such as whether Plaintiff breached his own fiduciary duties to Defendants; whether a valid contract existed between Plaintiff and Defendants; whether Plaintiff was "promised," "offered," or "sold" shares of stock; whether Plaintiff stole money from Defendants; and whether a facially adequate claim for defamation has been pled, among many others. Additionally, Plaintiff's deposition has not yet occurred and needs to be taken.

(Dkt. No. 34-1 at ¶ 14.)

Plaintiff asserts that Zymbe and Greg Rotman had sufficient opportunity to conduct discovery during the state court proceedings and their failure to do so does not warrant denying summary judgment pursuant to Rule 56(d). Plaintiff notes that former defense counsel requested and received multiple continuances in the state court action, had previously scheduled but cancelled Plaintiff's deposition "multiple times" and the deposition of Jason Leaf "at least once," and "have conducted significant discovery for years." (Dkt. No. 40 at 9 (noting that Plaintiff served 14 sets of discovery responses).) The Court agrees that Zymbe and Greg Rotman fail to adequately explain why they did not have an *opportunity* to conduct sufficient discovery to prosecute their cross-complaint while the action was in state court. *See Burlington N. Santa Fe R.R. Co. v. Assiniboine and Sioux Tribes of Fort Peck Reservation*, 323 F.3d 767, 773 (9th Cir. 2003) ("Where[ ] . . . a summary judgment motion is filed so early in the litigation, before a party has had any realistic opportunity to pursue discovery relating to its theory of the case, district courts should grant any [former Rule 56(d)] motion fairly freely.") Indeed, Zymbe and Greg Rotman have been parties to the underlying action since 2017 and they are the only defendants named as cross-plaintiffs in the first amended cross-complaint. Thus, at the very least, the cross-

1 plaintiffs have had a "realistic opportunity" to obtain Plaintiff's deposition at some point prior to
2 removal of this action.  Thus, Defendants fail to demonstrate that denial pursuant to Rule 56(d) is
3 warranted.

4 Plaintiff's motion fails, however, because he does not carry his initial burden of
5 demonstrating the absence of a genuine dispute of material fact.  Plaintiff submits as evidence in
6 support of summary judgment the "Declaration of Eric Maas Re Baseless Counterclaims," (*see*
7 Dkt. No. 16-6, Ex. 6 ("Maas declaration")), and cites that declaration throughout his motion, (*see*
8 Dkt. No. 15 at 26-32).  Plaintiff's motion cites no other evidence besides the first amended cross-
9 complaint itself.

10 The Maas declaration is deficient because it sets forth *no* factual material; instead, it
11 consists solely of impermissible argument, blanket denials, and legal conclusions (e.g., "I did not
12 act intentionally to induce a breach or disruption of a contract, I did not disrupt any contract, and
13 Defendants did not suffer any damage from any conduct by me."), (*see id.* at ¶ 11).  The
14 declaration also repeatedly asserts merely that Zymbe and Greg Rotman "have no evidence" to
15 support their cross-claims.  (*See, e.g., id.* at ¶ 10 ("Defendants have no evidence that any specific
16 person committed a specific fraudulent act. Defendants also have no evidence that any fraudulent
17 act by me proximately caused Defendant Zymbe any damages.  Defendants do not have any
18 evidence to support any element of their Fraud claim.").)  As previously discussed, regardless of
19 whether the movant on summary judgment will bear the burden of proof on the underlying claims
20 at trial, the movant "may not require the nonmoving party to produce evidence supporting its
21 claim or defense *simply by saying that the nonmoving party has no such evidence*." *Nissan Fire*,
22 210 F.3d at 1105 (emphasis added).  That is precisely what Plaintiff does here.

23 Accordingly, the Court denies Plaintiff's motion for summary judgment on the first
24 amended cross-complaint because Plaintiff fails to carry his initial burden.

25 **CONCLUSION**

26 For the reasons set forth above, the Court denies Plaintiff's motion for partial summary
27 judgment.

28 This Order disposes of Docket No. 15.

**IT IS SO ORDERED.**

Dated: May 29, 2020

_____
JACQUELINE SCOTT CORLEY
United States Magistrate Judge